UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 05-02

ERIC L. THOMPSON, PLAINTIFF,

v.  **OPINION AND ORDER**

NORTH AMERICAN STAINLESS, LP, DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Alter or Amend (Rec. No. 29) filed by the Plaintiff, Eric L. Thompson ("Thompson"). For the following reasons, the Court will DENY the motion.

  **I. FACTS**.

In his Complaint, Thompson alleges that he was employed by North American from February, 1997 to March, 2003. (Rec. No. 1, Complaint ¶ 6). He further asserts that, in September, 2002, his then-fiancé and current wife, who was also employed by North American, filed a charge with the EEOC alleging that the company discriminated against her because of her gender. (Rec. No. 1, Complaint ¶ 8). The EEOC notified North American of the charge in February, 2003. (Rec. No. 1, Complaint ¶ 8). Thompson alleges that, after receiving notice of his wife's EEOC complaint, North American retaliated against him by terminating him. (Rec. No. 1, Complaint ¶ 9).

Thompson asserted a claim under 42 U.S.C. § 2000e-2(a)(1) against North American. That provision of Title VII makes it unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

. . ." 42 U.S.C. § 2000e-2(a)(1).

To establish a *prima facie* case of discrimination under Title VII, a plaintiff must demonstrate that: 1) he was a member of a protected class; 2) he was subject to an adverse employment action; 3) he was qualified for the job; and 4) for the same or similar conduct, he was treated differently from similarly situated non-minority employees. *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000). In its June 20, 2006 Opinion and Order granting North American summary judgment, the Court determined that Thompson was not a member of a protected class for purposes of a discrimination claim under 42 U.S.C. § 2000e-2 and that this claim failed as a matter of law.

Title VII's antiretaliation provisions are found at 42 U.S.C. § 2000e-3 which makes it unlawful for an "employer to discriminate against any of his employees. . . .because he has opposed any practice made an unlawful employment practice" by Title VII "or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under" Title VII. 42 U.S.C. § 2000e-3(a).

In order to succeed on a Title VII retaliation claim, the plaintiff must show: 1) that he engaged in activity protected by Title VII; 2) that he was the subject of an adverse employment action; and 3) that there exists a causal link between his protected activity and the adverse action of his employer. *Equal Employment Opportunity Commission v. Ohio Edison Co.*, 7 F.3d 541, 543 (6th Cir. 1993).

In its June 20, 2006 Opinion and Order, the Court determined that, to the extent that Thompson claimed that he was retaliated against due to his own activities in opposition to his employer's treatment of his fiancé, he had not presented any evidence that he sufficiently opposed any act made unlawful under Title VII to warrant § 2000e-3(a) protection against retaliation.

Likewise, Thompson had not presented any evidence that North American was aware of any assistance he may have provided his fiancé in filing her EEOC complaint.

The Court further determined that, under its plain language, the statute does not permit a retaliation claim by a plaintiff who did not himself engage in protected activity. Given this plain language, and for reasons further detailed in the Court's June 20, 2006 Opinion and Order, the Court dismissed Thompson's retaliation claim.

With his Motion to Alter or Amend, Thompson asks the Court to reconsider its June 20, 2006 decision in light of the Supreme Court's decision in *Burlington Northern & Santa Fe Railway Co. v. White*, 126 S.Ct. 2405 (June 22, 2006). In that case, the Supreme Court addressed the reach of the phrase "discriminate against" in Title VII's anti-retaliation provisions. Specifically, the Court answered whether the provision confines "actionable retaliation to activity that affects the terms and conditions of employment? And how harmful must the adverse actions be to fall within its scope?" *Id*. at 2408. The *Burlington Northern* decision did not address the issue currently before this Court which is whether Title VII permits a retaliation claim by a plaintiff who did not himself engage in protected activity. Accordingly, the Court will not alter its June 20, 2006 Opinion and Order in light of the Supreme Court's decision in *Burlington Northern*.

For the above reasons, the Court hereby ORDERS that the Plaintiff's Motion to Alter or Amend (Rec. No. 29) is DENIED.

Dated this 18th day of December, 2006.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**